**Affirmed as Modified and Opinion Filed November 24, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00306-CR

### KAREN PATRICIA BOWIE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 380th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 380-81418-2011

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

A jury convicted Karen Patricia Bowie of theft of property having an aggregate value of more than $200,000 and assessed punishment at eighty years' imprisonment and a $10,000 fine. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(7) (West Supp. 2014). On appeal, appellant's attorney filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of her right to

file a pro se response, but she did not file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We agree the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.

Although not arguable issues, counsel asks us to modify the trial court's judgment to correctly show the statute for the offense and the date of the offense.  Counsel contends the statute for the offense should be changed from section 31.03 of the Texas Penal Code to section 31.09 because the indictment charged appellant with committing theft during one scheme or continuing course of conduct.  We disagree.  Section 31.09, entitled "Aggregation of Amounts Involved in Theft," gives the State authority to aggregate the amounts obtained from theft, whether from one or several sources, for the purpose of determining the grade of the offense. *See* TEX. PENAL CODE ANN. § 31.09 (West 2011).  However, section 31.03 identifies the applicable classification of theft and the punishment range.  Thus, the judgment correctly identifies the statute under which appellant was convicted.

Counsel also asks that we modify the judgment to reflect the range of dates for the offense.  The record shows the offense occurred from May 31, 2007 through June 12, 2009.  The judgment recites the date of the offense as "5/31/2007."  We modify the judgment to show the date of the offense is May 31, 2007 through June 12, 2009.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
130306F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KAREN PATRICIA BOWIE, Appellant

No. 05-13-00306-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 380th Judicial District Court of Collin County, Texas (Tr.Ct.No. 380-81418-2011).
Opinion delivered by Justice Bridges, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Date of Offense" is modified to show "5/31/2007 through 6/12/2009."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 24, 2014.